(No. 21937.—)

THOMAS EDGELL & Co., Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(JAMES NOVY, Defendant in
Error.)

*Opinion filed October 21, 1933.*

JOHN A. BLOOMINGSTON, for plaintiff in error.

PEREGRINE & BRUEGGER, for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

James Novy, defendant in error, was awarded com-
pensation of $15 per week for 21 weeks' temporary total
incapacity and a further sum of $15 per week for 28½
weeks for fifteen per cent loss of use of his right leg, by
an arbitrator for the Industrial Commission. This award
was reversed upon review by the Industrial Commission
and defendant in error was awarded $15 per week for a
period of 250 weeks, with a pension for life thereafter at
the rate of $25 per month. Due to the injury he was
found to be totally and permanently disabled. Upon *cer-
tiorari* the circuit court of Cook county confirmed the
award and decision of the Industrial Commission. A writ
of error has been awarded by this court to review the
record.

At the hearing before the arbitrator on August 20, 1931, the fact of injury to defendant in error on February 4, 1931, his wages at the rate of $48 per week, and all other facts necessary to sustain this award, with the exception hereafter mentioned, were stipulated by petitioner and respondent. The question in dispute at the hearing was the nature and extent of disability and the compensation due or to become due to the defendant in error.

The hearing before the arbitrator was not concluded until September 22, 1931. The award of the arbitrator was entered on November 9, 1931. At the hearing on review before the Industrial Commission on March 8, 1932, both petitioner and respondent introduced additional testimony. It will be noted that this was thirteen months and four days after defendant in error sustained his injuries.

Defendant in error was an interior decorator. On the day of his injuries he fell off a scaffold on which he was working, a distance of twenty-four feet, to a concrete floor, was rendered unconscious and taken to a hospital. He remained there six weeks. The record shows that he sustained multiple fractures of the pelvis—one at the lower portion or tuberosity of the left ischium, one at the same point of the right ischium, which later healed with approximately three-fourths of an inch of over-riding or over-lapping of the bone. At the right hip socket the acetabulum was jammed inward, so that the center of the socket projected into the pelvic cavity three-sixteenths of an inch. The socket was mis-shapen and the head of the femur did not fit or move normally. The roof of the acetabulum was pushed up, as a result of which the femur slips upward a greater than normal distance in movement. There was also an obliteration of the acromial-clavicular joint, with some irregularity of the lower margin of the outer end of the right clavicle, and a partial ankylosis of the right knee joint, leaving it in a flexed position of a twenty degree angle, causing defendant in error to walk on the

toes of his right foot. There is a shortening of the right leg of approximately one and one-half inches. There is a tilting of the pelvis and a scoliosis of the spine of approximately two inches.

The medical testimony is to the effect that the objective findings are ample to account for the defendant in error's complaints of constant pain, and there is objective evidence of muscle spasm and rigidity. The limitation of the motion of the spine is distinct and is objectively demonstrated by the rigidity of the muscles, which stand out when defendant in error attempts to bend. The forward bending is shown to be limited to thirty or forty degrees, bending to the right to fifteen degrees and to the left approximately twenty degrees. When defendant in error sits down it is impossible for him to do so normally. He is compelled by pain to sit upon the left buttock. The pain prevents him from lying on his right side. Any considerable use of the right leg caused swelling of the right foot as late as June, 1931. The testimony shows, also, that standing or walking caused him pain in his feet, right leg and groin at the time of the hearing before the commission, more than a year after the injuries were sustained.

Defendant in error had no previous injury and had worked steadily for eleven years as a painter and decorator, most of which time he had been employed by plaintiff in error. He is shown to have attempted to return to his employment on one occasion but could not work more than four hours, all of which time he stood on the ground and painted because he could not raise his leg high enough to get on the ladder. At another time he attempted to wash cars for three hours but was forced to quit because of his pain, and on another occasion he attempted to solicit customers for a dairy company, but after walking and canvassing two or three blocks he was again compelled to quit because of the consequent pain and suffering. He had not walked without a crutch or a cane up to the time

of the hearing on review, and testifies to an incontinence of urine after he received his injuries which he had not suffered before. It further appeared that he speaks broken English and part of his testimony was given through an interpreter.

Plaintiff in error's sole contention is that the award of the commission is contrary to the manifest weight of the evidence and the law, and the prayer is that the award be set aside and an award of fifteen per cent of the loss of use of the right leg be entered.

From the testimony of the physicians for plaintiff in error as well as defendant in error it appears that the injuries are of a very serious nature. Four medical witnesses testifying for defendant in error say that he is totally and permanently disabled and is incapable of engaging in a gainful occupation. On the other hand, four medical witnesses testifying for plaintiff in error, while admitting the serious character of the injuries, testify that in their opinion he is not wholly incapacitated for work if it is done under more than usually favorable circumstances and surroundings.

In the present state of the record the award made by the Industrial Commission and sustained by the circuit court was the only award which the evidence would justify. Plaintiff in error's contention amounts to the claim that total disability can only be justified where there is total paralysis or immobility of the head, body and limbs. This is not our view of the legislative intent expressed in the Workmen's. Compensation act. The same section under which defendant in error obtained this award provides a remedy in the future to plaintiff in error if it can be shown that defendant in error has become able to work and can again make some contribution to industry sufficient to justify payment to him of wages. As was said by this court in *Perry Coal Co.* v. *Industrial Com.* 332 Ill. 328: "Where the evidence shows that an injured employee is unable to work and physicians are unable to say whether the total

disability will be permanent, and where the total disability is shown to have existed over an extended period of time, an award for total permanent disability will be sustained."

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*